FILED
May 25, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002658546

Vincent V. Frounjian, Esq., Bar No. 170424
LAW OFFICES OF VINCENT V. FROUNJIAN, P.C.
16133 Ventura Boulevard, Suite 560
Encino, California 91436
Telephone: (818) 990-0605
Facsimile: (818) 990-2116


Attorney for Creditor/Movant,
AMERICAN HONDA FINANCE CORPORATION


UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| In Re:<br><br>LAURA ROSEANNE SOMMERVILLE,<br><br>Debtor(s),<br><br>_____<br><br>AMERICAN HONDA FINANCE CORPORATION,<br><br>Creditor/Movant,<br><br>vs.<br><br>LAURA ROSEANNE SOMMERVILLE; and BEITH MAXWELL STRATTON, Chapter 7 Trustee,<br><br>Debtor(s)/Respondent(s).<br>_____ | CASE NO: 10 - 13134-A-7<br><br>CHAPTER 7<br><br>D.C. NO.    VVF-1<br><br><br>MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF<br><br><br><br><br>DATE        : June 22, 2010<br>TIME        : 01:30: p.m.<br>PLACE       : Fresno Div.<br>DEPT.       : A<br>CRTM        : 11 |

///

///

///

///

///

1

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

**COMES NOW** the Creditor, AMERICAN HONDA FINANCE CORPORATION (hereinafter referred to as "CREDITOR") by and through its undersigned counsel of record, THE LAW OFFICES OF VINCENT V. FROUNJIAN, and hereby moves this Court for an "Order Granting the Creditor Relief from the Automatic Stay" to exercise its remedies under its "Certificate of Ownership" and California law, including but not limited to, repossession upon and sale of the subject personal property, upon the following facts and circumstances, including Declaration of the Creditor and Exhibits in support thereof.

**A.    THE PROPERTY**

1. The Creditor has a security interest in the subject Vehicle, a 2008 HONDA CRV, V.I.N.: JHLR E487 98C0 50586 (hereinafter referred to as "VEHICLE"). (See, Exhibit 1 attached to Exhibit List).

2. As such, the Creditor is the holder of a promissory note (Note) secured by a duly perfected "Certificate of Title" on the subject Vehicle. (See, Exhibit 2 attached to Exhibit List).

3. The Debtor has possession of the subject Vehicle.

**B.    GROUNDS**

1. <u>Pursuant to 11 U.S.C. Sec. 362(d)(1), cause exist to grant the Creditor the requested relief because the Creditor's interest in the Property is not adequately protected as follows:</u>

    (a)    The Creditor's interest in the collateral is not protected by an adequate equity cushion.

    (b)    The fair market value of the property is declining and payments are not being made to the Creditor sufficient to protect the Creditor's interest against that decline.

    ( c)    Proof of insurance in connection with the Creditor's collateral should be provided to the Creditor, in accordance to the Debtor's obligation to insure the collateral under the terms of the Note.

2. <u>Pursuant to 11 U.S.C. Sec. 362(d)(2)(A), the Debtor(s) has/have no equity in the subject Vehicle, and pursuant to 11 U.S.C. Sec. 362(d)(2)(B), the Vehicle is not necessary for an effective reorganization.</u>

**WHEREOF** the Creditor prays for an Order as follows:

1. Terminating the stay and granting the Creditor immediate relief from the automatic stay pursuant to <u>11 U.S.C.</u>, Sec. 362(d)(1)&(2);

2. Allowing the Creditor to proceed under applicable non-bankruptcy law to enforce its remedies, including, repossession and sale of the subject Vehicle;

3. In the alternative, if relief from the automatic stay is not granted, the Creditor respectfully requests the Court to Order Adequate Protection;

4. That the 10-day stay prescribed by Bankruptcy Rule 4001(a)(3) be waived; and

5. For such other and further relief that this Court deems as just and proper.

DATED: May 21, 2010                    Respectfully submitted,
                                       **LAW OFFICES OF VINCENT V. FROUNJIAN**


                                       By:_____/S/ VINCENT V. FROUNJIAN_____
                                              VINCENT V. FROUNJIAN
                                              Attorney for Creditor,
                                       **AMERICAN HONDA FINANCE CORPORATION**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## STANDARDS FOR RELIEF FROM THE AUTOMATIC STAY

11 U.S.C. Sec. 362(d), provides for circumstances under which this Court may "terminate, annul, modify, or condition" the automatic stay imposed upon the filing of a Bankruptcy Petition. Section 362(d)(1), states as follows:

> "On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as terminating, annulling, modifying, or conditioning such stay: (1) for cause, including the lack of adequate protection of an interest in property of such party in interest."

Also, Section 362(d)(2)(A), states as follows:

> "The Court shall provide relief from the automatic stay if the Debtor has no equity in the property and the property is not necessary for an effective reorganization."

In reading Section 362(d), the use of the word "shall" clearly indicates that the provisions of that section are mandatory; this is an interpretation which is supported by Legislative History of Section 362(d)(2). See, Cong. Rec. H11092-3 (September 28, 1978; S17409 October 6, 1978) reprinted in Collier on Bankruptcy, Appendix, Volume 3.

Section 362(g), "places the burden on the debtor in Section 362(d)(1), to prove absence of cause. Furthermore, Section 362(g), "places the burden on the Creditor in Section 362(d)(2)(a), to prove lack of equity". In re. Gauvin, 24 B.R. 578, 580 (9th Cir. B.A.P. 1982), the Court concluded that the Movant's only burden in relief from the stay litigation is to prove the value of the property.

# II.

## MOVANT IS ENTITLED TO RELIEF FROM THE AUTOMATIC STAY FOR LACK OF ADEQUATE PROTECTION

**A. THERE IS NO "EQUITY CUSHION" TO PROTECT MOVANT'S INTEREST IN THE SUBJECT PERSONAL PROPERTY**

Section 362(d)(1) of the Bankruptcy Code, states as follows:

> "On request of a party in interest and after notice and a hearing, the shall court grant relief from the stay provided under subsection (a) of this section, such as terminating, annulling, modifying, or conditioning such stay:
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest."

Courts commonly look to an "equity cushion" as a provider of adequate protection of an interest in personal property. See, In re Mellor, 734 F.2d 1396, 1401 (9th Cir. 1984) and In re San Clemente Estates, 5 B.R. 605, 610 (Bkrtcy. S.D. Cal. 1980).

Also, "equity" for the purposes of Section 362(d), is the value of the property less all encumbrances. See, Stewart vs. Curley, 745 F.2nd 1194 (9th Cir. 1984).

As is shown by the attached "Relief from Stay Information Sheet", the debt owed to Movant exceeds the value of the subject vehicle. Thus, there is no "equity cushion" to protect Movant's interest in such vehicle.

**B. THE DEBTOR(S) CANNOT PROVIDE ANY OTHER FORM OF ADEQUATE PROTECTION**

The Bankruptcy Code provides illustrations of adequate protection Pursuant to 11 U.S.C. Sec. 361, as set forth and discussed immediately below. Here, the Debtor(s) is unable to meet the test under that section.

1. **Regular Payments**

11 U.S.C. Sec. 361(a), of the Bankruptcy Code provides as follows: "The Debtor(s) may provide adequate protection in the form of payments".

11 U.S.C. Sec. 362(d)(1), of the Bankruptcy Code allows the Court to grant Relief from the Automatic Stay in the event "the fair market value of the Property is declining and payments are not being made to the Creditor sufficient to protect the Creditor's interest against that decline".

In the case at bar, the Debtor(s) has made no showing that he/she is capable of making the regular monthly payments. Throughout the history of this loan, the Debtor(s) has proved himself/herself incapable of making consistent monthly payments to the Movant. As shown by the Declaration of the Creditor, the Debtor defaulted under the terms of the security agreement by failing to tender the agreed upon monthly installment payments to the Movant. Presently, the Debtor(s) is behind on his/her regular monthly payments to the Creditor.

For the above reasons, <u>an adequacy of protection and inability to make the "regular payments" can be expected</u>, thus, assuring that Movant's interest in the subject Vehicle will not be adequately protected.

C. **THE COURTS HAVE CONSISTENTLY FOUND LACK OF ADEQUATE PROTECTION IN FAVOR OF THE SECURED WHERE THE DEBTOR HAS FAILED TO PROVIDE PROOF OF INSURANCE ON THE VEHICLE**

Courts commonly look for a "Proof of Insurance" as a provider of adequate protection of an interest in motor a vehicle. As is shown by the attached Declaration of Creditor, Debtor has failed to provide proof of insurance on the subject vehicle as agreed upon in the purchase agreement.

In the absence of the necessary comprehensive automobile insurance policy on the subject vehicle, Movant's security interest in the vehicle remains <u>unprotected</u>, and for such reason it becomes imperative that this Court grants relief from the stay.

## III.

## MOVANT IS ENTITLED TO RELIEF FROM THE AUTOMATIC STAY BECAUSE DEBTOR DOES NOT HAVE EQUITY IN THE SUBJECT PROPERTY

As is shown in the attached "Relief from Stay Information Sheet" and Declaration of the Creditor, the Debtor(s) does not have equity in the subject Vehicle. The total amount of the Movant's claim exceeds the current market value of the subject Vehicle according to the "NADA Official Used Car Guide" thereby rendering a zero/negative equity in favor of the Debtor(s). (See, Exhibit 3 attached to Exhibit List).

## IV.

## CONCLUSION

Based upon the foregoing, this Movant requests that the Court enter an Order Granting the Movant Relief from the Automatic Stay to exercise its rights under its Certificate of Title and California law, including but not limited to repossession upon and sale of the subject personal property.

DATED: May 21, 2010          Respectfully submitted,
**LAW OFFICES OF VINCENT V. FROUNJIAN**


By:    /S/ VINCENT V. FROUNJIAN
        VINCENT V. FROUNJIAN
        Attorney for Creditor,
**AMERICAN HONDA FINANCE CORPORATION**